**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**DIEGO DE JESUS ICO TOSH,**

**Petitioner,**

**vs.** **Case No. 4:26cv327-TKW-MAF**

**TODD BLANCHE, et al.,**

**Respondents.**

**______________________________/**

# REPORT AND RECOMMENDATION

Petitioner, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 9, 2026, ECF No. 1, and simultaneously paid the filing fee. *Id.* The petition challenged Petitioner's immigration detention at the Liberty County Detention Facility and argued it violated his Due Process rights under the United States Constitution because Petitioner was held in custody "without access to the immigration courts or any method to request his release." *Id.* at 5; *see also* p. 12. Respondents allegedly had not commenced removal proceedings and had not held a bond hearing. *Id.* at 5.

Finding the petition sufficient, service was directed on July 10, 2026, and Respondents were given until July 22, 2026, in which to file an answer or other response to the petition. ECF No. 5. On that deadline, Respondents filed a notice of voluntary departure and an incorporated motion to dismiss. ECF No. 10. According to that notice, "Petitioner complied with his voluntary departure authorization" on July 15, 2026, and is no longer in ICE custody. *Id.* at 1.

Respondents attached a signed copy of the Voluntary Departure and Verification of Departure form. ECF No. 10-1 at 1. The form indicates Petitioner was "granted voluntary departure" on July 3, 2026, and agreed to depart from the United States at the government's expense. *Id.* It was signed by Petitioner, although it was not dated. In light thereof, Respondents assert that this case is moot and should be dismissed. ECF No. 10 at 1.

Having reviewed that submission, it is recommended that the motion be granted as Petitioner departed from the United States on July 15, 2026. Thus, Petitioner is no longer detained in custody and he has received the relief requested in the petition - "immediate release from ICE custody." ECF No. 1 at 17. As there is no longer a case or controversy, and no

exception to the mootness doctrine exists. *See* ECF No. 10 at 2-3, this case should be dismissed.

It is respectfully **RECOMMENDED** that the supplemental motion to dismiss, ECF No. 10, be **GRANTED,** and this case be **DISMISSED as moot** because Petitioner has voluntarily departed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**